UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CAMERON ROBINSON                                                                      PLAINTIFF(S)

V..                                                            CIVIL ACTION NO. 1:17CV-55-SA-DAS

CITY OF TUPELO, MISSISSIPPI, et al.                                                  DEFENDANT(S)

## ORDER STAYING DISCOVERY

The court has considered the defendant's motion to stay discovery pending resolution of the motion by the motion to dismiss filed by the defendant, Kaitlyn Weeks. In the motion she claims that she is entitled to qualified immunity. The local rules mandate the stay of discovery under the present circumstances. "Filing a …motion asserting an immunity defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L.U.Civ.R. 16(b)(3)(B). Therefore it appears that the court lacks any discretion to deny entry of a discovery stay.

Because the opposition to the entry of a stay appears, at least in part, to be a dispute about the scope of discovery plaintiff may seek related to the qualified immunity defense, the court has considered the arguments of counsel and reviewed the cited authorities. The court must limit discovery at this time to those matters pertinent to the qualified immunity defense. *Lion Boulos v. Wilson,* 834 F.2d 504 (5th Cir. 1987).

The defendants argue that a determination that there was probable cause for Officer Weeks to arrest the plaintiff will moot all issues in this case, save the issues related to the failure to return the plaintiff's cash and cash bail, after the dismissal of charges. The plaintiff contends that policies in Tupelo providing incentives to officers for issuing tickets and making arrests without probable cause lead to this plaintiff's arrest. He further argues that Weeks' immunity

defense does not preclude discovery regarding his claims for the taking of this cash and cash bail.

The court agrees with the defendant that, if the court finds probable cause supports the arrest, most issues in this action will be mooted. Allowing the court to reach the issue of qualified immunity regarding probable cause has the potential for streamlining the case and will serve the interests of judicial economy. Furthermore, while the immunity motion will not preclude discovery on the disappearance of his cash and the refusal to return his cash bond, it will necessarily delay it. A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] ... the burdens of broad-reaching discovery." *Harlow v Fitzgerald*, 457 U.S. 800, 817-18 (1982).

IT IS THEREFORE ORDERED that all discovery, save that related to the issues of qualified immunity are hereby stayed. Should any dispute arise related to the limits of that discovery, parties are directed to contact chambers for a conference.

SO ORDERED this day of 12th day of September, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE