**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CAMERON ROBINSON**                                                       **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO.: 1:17-CV-00055-A-S**

**CITY OF TUPELO, MISSISSIPPI;
LEE COUNTY, MISSISSIPPI;
OFFICER KAITLYN WEEKS, in Her Individual Capacity;
and CAPTAIN TIM BELL, in His Official and
Individual Capacities for Injunctive and
Declaratory Relief Only**                                 **DEFENDANTS**

                                                   **JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

This is an action to recover damages and declaratory and injunctive relief for violation of constitutional rights. The following facts support the action:

1.

Plaintiff CAMERON ROBINSON is an adult resident citizen of 1025 County Road 681, Saltillo, Mississippi 38866. Plaintiff is African-American.

2.

Defendant CITY OF TUPELO, MISSISSIPPI (hereinafter "Defendant City") is a political subdivision of the State of Mississippi. It may be served with process through its mayor, Jason Shelton, at 71 East Troy Street, Tupelo, Mississippi 38804.

Defendant LEE COUNTY, MISSISSIPPI (hereinafter "Defendant County") is a political subdivision of the State of Mississippi. It may be served with process by service upon its sheriff, Jim

Johnson, at 510 North Commerce Street, Tupelo, Mississippi 38804, and its chancery clerk, Bill Benson, at 200 Jefferson Street, Tupelo, Mississippi 38801.

Defendant KAITLYN WEEKS (hereinafter "Defendant Weeks") is a Tupelo police officer. Defendant Weeks may be served with process at the Tupelo Police Department. She is employed by the City of Tupelo, Mississippi. Defendant Weeks is sued in her individual capacity.

Defendant TIM BELL (hereinafter "Defendant Bell") is a Captain for Defendant City. Defendant Bell may be served with process at the Tupelo Police Department. Defendant Bell is head of the Patrol Division of the Tupelo Department. Because of the qualified immunity doctrine, Defendant Bell is not liable for damages, and is sued in his individual and official capacities for only injunctive and declaratory relief.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343. All Defendants acted under color of state law. This action is authorized by 42 U.S.C. § 1983.

4.

On December 5, 2016, Plaintiff and Ashley Weichbrodt left their home with their minor children buckled into the backseat. Weichbrodt was driving. Plaintiff was a passenger in the front seat. They were leaving for a medical appointment because their minor children were ill.

5.

Shortly after leaving home, Weichbrodt was stopped by Tupelo Police Officer Sam Guerriere. Officer Guerriere issued Weichbrodt a warning on the ground that a handicap sticker and necklace

hanging from the car review mirror were an obstruction of view. Officer Guerriere also issued Weichbrodt a ticket for lack of insurance.

6.

Defendant Weeks, operating her own police vehicle, then approached Plaintiff and requested Plaintiff's identification, which Plaintiff provided. Plaintiff also made statements indicating his objection with being stopped and inquiring about the reason for the stop. Plaintiff feared the weather would adversely affect his children's health, so he then rolled up his window. When he did so, Defendant Weeks ordered Plaintiff out of the car, handcuffed him, and took him to jail.

7.

Plaintiff requested to give his cash to Weichbrodt, so she would have money to pay the children's medical bills, but Defendant Weeks refused Plaintiff's request.

8.

Officer Guerriere complained to her supervisor, Sergeant Brandon Garrett, that Defendant Weeks had improperly intervened in her stop and had improperly taken Plaintiff to jail. Garrett relayed the facts concerning Plaintiff's wrongful arrest to the person in charge of the Tupelo patrol unit, Defendant Bell. Defendant Bell instructed Sergeant Garrett to leave Plaintiff in jail.

9.

At the Lee County Jail, a Lee County correctional officer took cash in the amount of $150.00 from Plaintiff and told Plaintiff he could be released only upon paying a cash bail bond of $425.00, which includes a "release" fee of $25.00. Plaintiff raised the cash bail bond, paid it to the Lee County Sheriff's Department, and was released from jail after several hours of incarceration.

10.

Plaintiff requested that the videotape of the arrest be preserved and notified the court he was pleading "Not Guilty" by letter of February 1, 2017, attached hereto as Exhibit "A." Plaintiff also personally filed a complaint with Captain Bell.

11.

When Plaintiff appeared in Tupelo City Court, the City Prosecutor told him the City had "nothing" on him, and he could go. Subsequently, Plaintiff's counsel obtained a court's abstract stating that the charge was remanded to the file. See Exhibit "B." Nevertheless, the fact of Plaintiff's arrest remains a public record.

12.

Plaintiff went to the Lee County Jail in March and requested the return of his cash bond ($425.00) and cash ($150.00). Plaintiff showed the correctional officer the abstract demonstrating the case was remanded to the file. The Lee County deputy told Plaintiff that "we do not give back bail money," but Plaintiff should have received the cash in the mail. Either Defendant City or Defendant County, or an agent of those entities, kept Plaintiff's cash of $150.00 and kept Plaintiff's cash bail bond of $425.00, including a $25.00 release fee. Plaintiff was given a receipt for the cash bond, but was given no receipt for taking his personal cash. A portion of Plaintiff's cash, and his cash bond, were returned to him after the filing of this suit. The $25.00 "release fee", has never been returned and was apparently kept pursuant to the unconstitutional Miss. Code Ann. § 25-7-19 (1)(d).

13.

Plaintiff has suffered mental anxiety as a result of Defendants' actions.

14.

Defendants are liable to Plaintiff for the following reasons:

A. Defendant Weeks is liable to Plaintiff for arrest without probable cause in violation of the Fourth Amendment and detention without probable cause in violation of the Fourth Amendment to the United States Constitution. Because of the provisions of the 9th Mississippi Tort Claims Act, Plaintiff makes a good faith argument that Defendant City is liable for any wrongful acts of individual officers, even if the City would otherwise not be liable under the Monea Doctrine.

B. Defendant City of Tupelo is liable to Plaintiff for unlawful stop, and arrest, as a result of the City of Tupelo policies which had the foreseeable effect of causing officers to stop, and/or arrest persons whom they would not otherwise stop. The City of Tupelo's head of police patrol, Defendant Bell, has corrected or reprimanded several officers for failing to give enough tickets, and has justified failures to promote certain officers because of the failure to give enough tickets. There exists no mechanism for protecting citizens from being stopped and/or arrested so officers can meet the City's ticket and arrest goals as established as a policy matter by Defendant Bell. Incentives for officers to make stops, give tickets, and make arrests violate the Fourth Amendment's guarantee against arrests without probable cause and violate the Fourteenth Amendment's guarantee against arbitrary deprivation of liberty. In this case, the initial stop, nor the arrest, was likely to have been made, except for the City of Tupelo's policy of encouraging officers to give tickets or make arrests. This violates the Fourth Amendment guaranty against of unreasonable seizures;

C. The Defendant City and Defendant County have adopted policies which permit the County and/or City, or their agents, to misappropriate the cash of arrestees and the cash bail bond posted by arrestees. The County and/or City policies which fail to provide for return of an arrestee's cash bail and his own cash property violate the Fourteenth Amendment's guarantee against arbitrary governmental action, violate the Fourth Amendment's guarantee against unreasonable seizure of citizen's property, and violate the Eighth Amendment's guarantee against excessive bail. Any cash bond which is not returned when a defendant appears is "excessive." Furthermore, retaining the $25.00 "release" fee despite no finding of guilt violates the Fourth and Fourteenth Amendments;

D. City of Tupelo policies do not require any suspicious circumstances before requiring identification, of a vehicle's passengers, following a minor traffic stop. Thus, the policies cause persons to demand identification arbitrarily,

        in violation of the Fourth Amendment. Defendant Weeks' requiring Plaintiff's identification was not "reasonably related to the circumstances justifying the stop," and, thus, violated the Fourth Amendment. The Court should hold this statute unconstitutional;

E.    In September 2017, Tupelo police officers arrested a white Tupelo banker for "refusal to obey and resisting arrest." The white person protested to the mayor, and the City of Tupelo directed every officer on the shift to apologize. The substantial reason for the differing treatment which was afforded by Bell in this case was race. Specifically, Plaintiff is black, and the banker is white. Defendant Bell treated the white banker and Plaintiff differently based on race. Further, the City of Tupelo's policy of encouraging the generation of tickets, encourages the City of Tupelo to stop black persons, who are apparently poor, and unlikely to protest being stopped over trivial offenses;

F.    Plaintiff's arrest was in violation of the First Amendment. Specifically, Plaintiff had protested his being questioned and had protested why Defendant was seeking to question him. Plaintiff's speech and Plaintiff's failure to answer questions by Defendant were proximate contributing causes of Plaintiff's arrest;

G.    The County collected a non-refundable jail release fee from Defendant pursuant to Miss. Code Ann. § 25-7-19 (1)(d). This Court should hold this unconstitutional. The Fourth and Fourteenth Amendment to the United States Constitution prohibit the arbitrary taking of fees from a defendant who has not been judged to be guilty of any offense;

H.    Defendant City of Tupelo has arbitrarily denied Plaintiff liberty without due process of law in making Plaintiff's baseless arrest of public record. This violates both substantive and procedural due process. The remanding of a case to the file instead of correctly disposing of a case by dismissing it, represents arbitrary government action and needlessly defames Plaintiff.

### REQUEST FOR RELIEF

Plaintiff requests damages in an amount to be determined by a jury, and reasonable attorneys' fees, costs, and expenses.

Plaintiff requests a declaratory judgment and injunctive relief forbidding Defendant Bell and Defendant City from continued operation of the City's arrest and ticket incentive system whereby officers are pressured to maximize arrests, to maximize stops, to maximize tickets, and to meet ticket

quotas. Such a system, which proximately caused Plaintiff's being stopped and arrested, violates the Fourth Amendment.

Plaintiff requests Bell and City of Tupelo be permanently enjoined from treating white persons and black persons differently based on race.

Plaintiff further requests the City and County to be enjoined to adopt policies whereby arrestees' cash will be refunded upon release from jail and cash bail bonds will be returned upon appearing in court.

Further, since Defendant City's arrest and ticket maximization policies caused Defendant Weeks' unlawful conduct and caused this initial stop. Because of the Mississippi Tort Claims Act, Defendant City should be required to indemnify Defendant Weeks for any damages. Further, the City is liable for any unconstitutional acts of any police officer.

Plaintiff requests a declaratory judgment that Miss. Code Ann. § 25-7-19 (1)(d) violates the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiff requests a declaratory judgment and injunction requiring that Lee County give a receipt for cash to any persons who are arrested, or a statement stating that no cash was taken if the County contends it did not take cash from arrestees.

Plaintiff requests damages in an amount to be determined by a jury from Defendant Weeks and the City of Tupelo.

Plaintiff requests a declaratory judgment that his case should have been reflected as "dismissed" rather than defaming his good name by "remanding" it to the file.

Plaintiff requests reasonable attorney's fees and expenses pursuant to 42 U.S.C.A. § 1988.

RESPECTFULLY SUBMITTED, this the 19th day of January, 2018.

        CAMERON ROBINSON, Plaintiff

   By: */s/ Jim Waide*
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38802-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**John S. Hill, Esq.**
**Mitchell, McNutt & Sams, P.A.**
**Post Office Box 7120**
**Tupelo, MS  38802-7120**
**jhill@mitchellmcnutt.com**
**lmcmillen@mitchellmcnutt.com**

**S. Ray Hill, III, Esq.**
**Clayton Odonnell, PLLC**
**Post Office Drawer 676**
**Oxford, MS  38655**
**rhill@claytonodonnell.com**
**khill@claytonodonnell.com**

**Gary L. Carnathan, Esq.**
**Carnathan & McCauley**
**Post Office Drawer 70**
**Tupelo, MS  38802-0070**
**carnathanlaw@redmagnet.com**

DATED, this the 19th day of January, 2018.

               */s/ Jim Waide*
               JIM WAIDE