## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**CAMERON ROBINSON**                                              **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.: 1:17-CV-00055-A-S**

**CITY OF TUPELO, MISSISSIPPI;**
**OFFICER KAITLYN WEEKS, in Her Individual Capacity;**
**and CAPTAIN TIM BELL, in His Official and**
**Individual Capacities for Injunctive and**
**Declaratory Relief Only**                                      **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

### SECOND AMENDED COMPLAINT

---

This is an action to recover damages and declaratory and injunctive relief for violation of constitutional rights. The following facts support the action:

1.

Plaintiff CAMERON ROBINSON is an adult resident citizen of 1025 County Road 681, Saltillo, Mississippi 38866. Plaintiff is African-American.

2.

Defendant CITY OF TUPELO, MISSISSIPPI (hereinafter "Defendant City") is a political subdivision of the State of Mississippi. It may be served with process through its mayor, Jason Shelton, at 71 East Troy Street, Tupelo, Mississippi 38804.

Defendant KAITLYN WEEKS (hereinafter "Defendant Weeks") was a Tupelo police officer. Defendant Weeks has now been terminated for reasons unrelated to this Complaint. Defendant Weeks is sued in her individual capacity.

00330609.WPD



Defendant TIM BELL (hereinafter "Defendant Bell") is a Captain for Defendant City. Defendant Bell may be served with process at the Tupelo Police Department. Defendant Bell is head of the Patrol Division of the Tupelo Department. Because of the qualified immunity doctrine, Defendant Bell is not liable for damages, and is sued in his individual and official capacities for only injunctive and declaratory relief.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343. All Defendants acted under color of state law. This action is authorized by 42 U.S.C. § 1983.

4.

On December 5, 2016, Plaintiff and Ashley Weichbrodt left their home with their minor children buckled into the backseat. Weichbrodt was driving. Plaintiff was a passenger in the front seat. They were leaving for a medical appointment because their minor children were ill.

5.

Shortly after leaving home, Weichbrodt was stopped by Tupelo Police Officer Sam Guerriere. Officer Guerriere issued Weichbrodt a warning on the ground that a handicap sticker and necklace hanging from the car review mirror were an "obstruction of view." Officer Guerriere also issued Weichbrodt a ticket for lack of insurance. Weichbrodt was stopped because Defendant Bell, in his capacity as captain over Patrol, insists upon numerous stops and tickets so as to prove officers are "working." This policy by Defendant Bell used to ensure police officers are "working" violates United States Constitution Amendments Four and Fourteen, because it causes officers to use their

00330609.WPD

2

discretion to make stops or issue tickets, which they would not otherwise issue and which they do not necessarily believe are justified by probable cause.

6.

Defendant Weeks, operating her own police vehicle, then approached Plaintiff and requested Plaintiff's identification, which Plaintiff provided. Plaintiff also made statements indicating his objection to being stopped and asking about the reason for the stop. Plaintiff feared the weather would adversely affect his children's health, and rolled up his window. Defendant Weeks arrested Plaintiff. At deposition, Defendant Weeks claimed that the reason for the arrest was a delay in obeying the order to roll down his window. Defendant Weeks ordered Plaintiff out of the car, handcuffed him, and took him to jail all in violation of the First, Fourth, and Fourteenth Amendments of the United States Constitution.

7.

Plaintiff requested to give his cash to Weichbrodt, so she would have money to pay the children's medical bills, but Defendant Weeks refused Plaintiff's request.

8.

Officer Guerriere complained to her supervisor, Sergeant Brandon Garrett, that Defendant Weeks had improperly intervened in her stop and had improperly taken Plaintiff to jail. Garrett relayed the facts concerning Plaintiff's wrongful arrest to the person in charge of the Tupelo patrol unit, Defendant Bell. Defendant Bell instructed Sergeant Garrett to leave Plaintiff in jail.

9.

At the Lee County Jail, a Lee County correctional officer took cash from Plaintiff and told Plaintiff he could be released only upon paying a cash bail bond of $425.00, which includes a

"release" fee of $25.00. Plaintiff raised the cash bail bond, paid it to the Lee County Sheriff's Department, and was released from jail after several hours of incarceration.

### 10.

Plaintiff requested that the videotape of the arrest be preserved and notified the court he was pleading "Not Guilty" by letter of February 1, 2017, attached hereto as Exhibit "A." Plaintiff also personally filed a complaint with Captain Bell.

### 11.

When Plaintiff appeared in Tupelo City Court, the City Prosecutor told him the City had "nothing" on him, and he could go. Subsequently, Plaintiff's counsel obtained a court's abstract stating that the charge was remanded to the file. See Exhibit "B." Nevertheless, the fact of Plaintiff's arrest remains a public record.

### 12.

Plaintiff went to the Lee County Jail in March and requested the return of his cash bond ($425.00) and cash. Plaintiff showed the correctional officer the abstract demonstrating the case was remanded to the file. The Lee County deputy told Plaintiff that "we do not give back bail money," but Plaintiff should have received the cash in the mail. Plaintiff's cash and cash bond were returned months after the filing of this suit. The cash was kept by Defendant County because Defendant County has no appropriate due process procedures for returning cash to detainees. Plaintiff lost his use of the money, and suffered mental anxiety as result of this Fourteenth Amendment due process violation.

### 13.

Plaintiff has suffered mental anxiety as a result of Defendants' actions.

00330609.WPD

4

14.

Defendants are liable to Plaintiff for the following reasons:

A.    Defendant Weeks is liable to Plaintiff for arrest without probable cause in violation of the Fourth Amendment and detention without probable cause in violation of the Fourth Amendment to the United States Constitution. Because of the provisions of the Mississippi Tort Claims Act, Plaintiff makes a good faith argument that Defendant City is liable for any wrongful acts of individual officers, even if the City would otherwise not be liable under the *Monell* Doctrine.

B.    Defendant City of Tupelo is liable to Plaintiff for unlawful stop, and arrest, as a result of the City of Tupelo policies which had the foreseeable effect of causing officers to stop, and/or arrest persons whom they would not otherwise stop or arrest.  The City of Tupelo's head of police patrol, Defendant Bell, has corrected or  reprimanded officers for failing to give enough tickets, and has justified failures to promote certain officers because of the failure to give enough tickets.  There exists no mechanism for protecting citizens from being stopped and/or arrested so officers can meet the City's ticket and arrest goals as established as a policy matter by Defendant City. Incentives for officers to make stops, give tickets, and make arrests violate the Fourth Amendment's guarantee against arrests without probable cause and violate the Fourteenth Amendment's guarantee against arbitrary deprivation of liberty.  In this case, the initial stop, nor the arrest, was likely to have been made, except for the City of Tupelo's policy of encouraging officers to give tickets or make arrests. This violates the Fourth Amendment guaranty against of unreasonable seizures;

C.    City of Tupelo policies do not require any suspicious circumstances before requiring identification, of a vehicle's passengers.  Thus, the policies cause persons to demand identification arbitrarily, in violation of the Fourth Amendment. Defendant Weeks' requiring Plaintiff's identification was not "reasonably related to the circumstances justifying the stop," and, thus, violated the Fourth Amendment. The Court should hold this statute unconstitutional;

D.    The City of Tupelo's policy of encouraging the generation of tickets and making stops,  encourages the City of Tupelo to stop black persons, who are unusually poor,  and unlikely to protest being stopped over trivial offenses. Defendant City is liable for race discrimination, and Defendant Bell should be enjoined to cease basing officers' promotions on the number of tickets issued or number of stops being made;

E.   Plaintiff's arrest was in violation of the First Amendment. Specifically, Plaintiff had protested his being questioned and had protested why Defendant was seeking to question him. Plaintiff's speech and Plaintiff's failure to answer questions by Defendant were proximate contributing causes of Plaintiff's arrest;

F.   There was no probable cause for the stop of Plaintiff as a matter of law. Defendant City is liable for the stop because the stop was based upon "obstruction of view." There does not exist any non-vague constitutional statute making it an offense to have an obstructed view. Defendant City's policies leave it within the discretion of the officer as to whether to stop a vehicle and arrest a person or stop or vehicle for "obstruction of view." Because there are no constitutional standards as to what constitutes an "obstruction of view," any stop for such an offense is a stop in violation of the Fourth Amendment. Defendant City's failure to train officers that they may not stop a vehicle for "obstruction of view" and its policy of permitting officers to stop a vehicle for "obstruction of view" represents a policy of Defendant City, which caused Plaintiff's arrest. Defendant City's and Defendant Bell's failure to train that officers cannot stop vehicles for such an offense is also a proximate cause of Plaintiff's being stopped;

G.   Defendant City has failed to train its officers on the elements of the crime of failing to obey a police officer, and this failure to train its officers was a proximate cause of Plaintiff's arrest.

H.   Defendant County has no due process procedures in place for returning a jail detainee's cash upon his release from jail. Plaintiff suffered loss of the use of his cash from the time of incarceration until October 13, 2017, when it was finally returned; and

I.   Defendant City has never trained its officers on the statutory definition of the offense of breach of the peace by failing to obey an officer. Defendant Weeks claims that the only element of the offense of failing to obey an officer is that one failed to obey an officer. Defendant City has not trained its officers otherwise, and Tupelo police officers all apparently believe that the only element of the offense is failing to obey the officer. The policy of Defendant City in failing to train its officers as to the Mississippi Code's definition of disorderly conduct by failing to obey an officer was a proximate cause of Plaintiff's being arrested; and

J.   Defendant County has violated the Fourteenth Amendment by failing to have in place any due process procedures for the return of an arrestee's case.

## REQUEST FOR RELIEF

Plaintiff requests damages in an amount to be determined by a jury, and reasonable attorneys' fees, costs, and expenses.

Plaintiff requests that Defendants Bell and City be permanently enjoined from treating white and black persons differently based on race.

Plaintiff requests a declaratory judgment that Plaintiff's arrest was caused by an unconstitutional failure of Defendant City to train its officers regarding the meaning of offenses of obstruction of view and disorderly conduct by failing to obey an officer.

Plaintiff requests a declaratory judgment and direction that Defendant City's files be amended that this case should have been dismissed, instead of defaming Plaintiff's good name by remanding it to the file.

Plaintiff requests a declaratory judgment that the Court enjoin Defendants from basing an officer's promotion on the number of tickets he or she has written or stops they have made.

RESPECTFULLY SUBMITTED, this the _____ day of _____, 2018.

CAMERON ROBINSON, Plaintiff

By:     */s/ Jim Waide*_____
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38802-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**John S. Hill, Esq.**
**Mitchell, McNutt & Sams, P.A.**
**Post Office Box 7120**
**Tupelo, MS 38802-7120**
**jhill@mitchellmcnutt.com**
**lmcmillen@mitchellmcnutt.com**

**S. Ray Hill, III, Esq.**
**Clayton Odonnell, PLLC**
**Post Office Drawer 676**
**Oxford, MS 38655**
**rhill@claytonodonnell.com**
**khill@claytonodonnell.com**

**Gary L. Carnathan, Esq.**
**Carnathan & McCauley**
**Post Office Drawer 70**
**Tupelo, MS 38802-0070**
**carnathanlaw@redmagnet.com**

**Harold E. Pizetta, III, Esq.**
**Mississippi Attorney General's Office**
**Post Office Box 220**
**Jackson, Mississippi 39201**
**hpizz@ago.state.ms.us**
**fhell@ago.state.ms.us**

DATED, this the _____ day of _____, 2018.

*/s/ Jim Waide* _____
JIM WAIDE

]

02-01-2017

To: Tupelo City Court, 316 Court Street

Attention: City Court Administrator, City Prosecutor Richard Babb's And City Court Judge

From: Cameron Wartari Robinson, Case No: 3852114

Re: Motion for Discovery

Dear Sirs;

    I Cameron Robinson am scheduled to appear in your Court on Feb 9th 2017 at 3:30 pm. To answer to the charge of Disobeying a Police Officer. Please be aware that I am pleading NOT Guilty to this Charge and Request full Discovery of the Evidence intended to be used against me. Including 1. Any and all Written Police Reports (Arrest reports, Compliant Reports and Internal Investigation Reports pertaining to my arrest) 2. Any police Video (police body camera recordings, police dash camera recordings, police radio traffic recordings and private channel police traffic pertaining to my arrest) this information is requested that I may properly prepare for my defense.

Respectfully Submitted

EXHIBIT

A

MAR/01/2017/WED 03:31 PM         FAX No.                 P. 003

# STATE OF MISSISSIPPI
## ABSTRACT OF COURT RECORD

TUPELO MUNICIPAL COURT
316 Court Street, P. O. Box 765
Tupelo, MS 38802
(662) 841-6516

County of Lee                           Agency Code: 4107

Ticket #: AF009525

**Defendant's Information:**

| Name: CAMERON WARTARI ROBINSON | | Race: BLACK | Sex: MALE |
|---|---|---|---|
| DL # and State: ███████ | SSN: ███████ | DOB: ███████ | |
| Address at time of arrest: 1025 CR 681 SALTILLO, MS 38866 | | | |

**Vehicle Information:**

| |
|---|
| |

**Violation Information:**

| Charged with: DISOBEYING POLICE OFFICER | Date of Violation: 12/05/2016 |
|---|---|
| Arraignment (Plea) Date: 12/15/2016 | |
| Trial Date: | |
| Charges filed by: KAITLYN WEEKS - TUPELO POLICE DEPARTMENT 2958 | |
| Plea Entered: NOT GUILTY | Judgment of Court: RETIRED TO FILE |
| Sentencing Judge: JAY WEIR | Prosecuting Attorney: none |
| Defendant was Fined: | Assessments: |
| Remarks of the Court: | |

*I certify that this is a true and correct copy of Tupelo Municipal Court records as recorded in Docket Number 3852114*

Dated: March 1, 2017

Signed: _Susanna Laris_       Title: Deputy Court Clerk
Susanna Laris



EXHIBIT

B